IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. 1:12CR52-LG-RHW-19

**TRENEAL DENARD WILLIAMS**

### ORDER DENYING MOTION TO MODIFY SENTENCE

BEFORE THE COURT is the Motion And/Or Request To Modify Sentence filed by Defendant Treneal Denard Williams.  Williams contends that his sentence, now fixed at eighty-nine months imprisonment,[1] should be reviewed in light of an amendment to United States Sentencing Guideline § 3B1.2, concerning minimal participants.  Williams asserts that the Court has authority to review his sentence under 18 U.S.C. § 3582(b) because the amendment to the Guidelines is retroactive.

Section 3582(c) states that "[a] court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances.  Those circumstances are (1) upon a motion by the Director of the Bureau of Prisons; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission.  18 U.S.C. 3582(c).

Williams contends that the sentencing range for his conduct has been lowered by an amendment to the Guidelines.  The Court understands Williams to refer to

---

[1] Williams received a reduction to eighty-nine months imprisonment from his initial sentence of 106 months after an amendment to the Guidelines revised the base offense levels for drug offenses.  (*See* Order Reducing Sentence, ECF No. 600).

Amendment 794, in which the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 to provide district courts with additional guidance in determining whether they should grant "minor role" adjustments to defendants. *See United States v. Gomez-Valle*, 828 F.3d 324, 329-30 (5th Cir. 2016).

Williams was sentenced approximately two and a half years before Amendment 794 became effective on November 1, 2015. To apply to Williams' case, the Amendment must have been given retroactive effect. The Sentencing Guidelines list all amendments eligible for retroactive effect, and Amendment 794 is not among them. U.S.S.G. §1B1.10(d). If an amendment is not listed, a retroactive sentence reduction is not authorized. U.S.S.G. § 1B1.10(a)(2)(A). Accordingly, the Court has no authority to modify Williams' sentence based on Amendment 794.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [644] Motion And/Or Request To Modify Sentence filed by Defendant Treneal Denard Williams is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE